IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| T.A. BRINKOETTER & SONS, INC., | ) | Bk. No. 09-80727 |
| | ) | |
| Debtor. | ) | Chapter 11 |

### MOTION PURSUANT TO 11 U.S.C. §§105(a) and 363 AND BANKRUPTCY RULES 2002 and 6004 FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

Now comes the above-named Debtor-In-Possession T.A. BRINKOETTER & SONS INC. by its Attorney, SUMNER A. BOURNE of RAFOOL & BOURNE P.C., and files this Motion for authorization to sell substantially all of the Debtor's assets (the "Assets") free and clear of all claims (as defined by section 101(5) of the Bankruptcy Code) and any other interests, liens, mortgages, pledges, security interests, rights of first refusal of any kind whatsoever (collectively, the "Interests").  In support thereof, the Debtor respectfully represents the following:

### JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding with the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 105 and 363 of the Bankruptcy Code (11 U.S.C. §§ 101 et seq.) and sections 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

3.     The Debtor commenced this case through the filing of a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code on March 10, 2009. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor has been operating its business and managing its affairs as debtor-in-possession.

4. The Debtor is a commercial electrical and plumbing contractor, with ongoing contracts throughout the state of Illinois, which has approximately fifty-five (55) employees.

5. As reflected in its monthly operating reports filed with this Court, the Debtor has remained a going concern but has struggled to stay cashflow positive.

6. The Debtor has determined that given current market conditions and its operating environment that the best way to maximize value of its assets, for its bankruptcy estate and its creditors, is through a sale of substantially all of its assets pursuant to 11 U.S.C. §363.

7. The Debtor believes that the assets are more valuable together and sold as a single going concern lot, rather than divided and sold piecemeal through auction liquidation.

8. Through the efforts of its officers and its chairman, Mark Swank, the Debtor has identified a potential buyer for the assets and believes that a sale is feasible and in the bankruptcy estate's best interest.

## INCLUDED ASSETS

9. Subject to the further orders of this Court, the Debtor proposes to hold a sale of its interests in the following, collectively referred to hereafter as "the Assets". The Debtor believes that the best value to the bankruptcy estate of the Assets is as a "going concern" and together to a single buyer, rather than sold in separate lots.

10. The Assets included in the sale, which will be free and clear of any and all Interests pursuant to the procedures contained in 11 U.S.C. §363(f), are defined as the following:

      (a)      all supplies, materials and inventories;

      (b)      all machinery, equipment, tools, furniture, furnishings, leasehold improvements, goods and all other tangible personal property owned by the Debtor and located at the offices, warehouses, storage units and the like within the control of the Debtor;

      (c)      all transferrable licenses, permits, approvals, certificates of occupancy, authorizations, operating permits, registrations, plans and the like;

      (d)      all real estate;

      (e)      all customer lists and vendor lists;

      (f)      all vehicles, trucks, trailers and contents therein;

      (g)      post-petition accounts receivable;

      (h)      all intellectual property;

      (i)      assignment of all assumed executory contracts and leases;

      (j)      all goodwill of the debtor.

11.      Pursuant to further order of this Court, additional assets may be included in "the Assets" to be included in the proposed sale.

### EXCLUDED ASSETS

12.      The following assets of the Debtor shall be retained by the bankruptcy estate and are specifically excluded from "the Assets" to be included in the proposed sale:

      (a)      Any and all avoidance claims or causes of action arising under the Bankruptcy Code or applicable state law, including without limitation, all rights and avoidance claims of the Debtor and/or the bankruptcy estate

arising under Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code;

 (b) All of the pre-petition accounts receivable;

 (c) All claims and rights of action and all choses in action arising out of occurrences before and after consummation of the proposed sale.

13. Pursuant to further order of this Court, additional assets may be excluded from "the Assets" to be included in the proposed sale.

## REQUEST FOR RELIEF

Pursuant to this Motion, the Debtor-In-Possession T.A. BRINKOETTER & SONS INC. requests the following relief:

1. The Debtor be allowed to conduct a sale of substantially all of its assets pursuant to 11 U.S.C. §363(b) and a finding be made that such a sale is in the best interests of the bankruptcy estate;

2. The list of "the Assets" to be included and excluded from the sale be approved;

3. The sale of "the Assets" will be free and clear of any interest, pursuant to 11 U.S.C. §363(f);

4. Pursuant to a further motion, which the Debtor intends to file within the next thirty (30) days, that procedures for such sale be established;

5. Pursuant to a further motion, which the Debtor intends to file within the next thirty (30) days, that an initial stalking horse bidder be identified with court approved overbid and break-up fee protections;

6. An appropriate time and place of the sale be identified by this Court pursuant to

Bankruptcy Rule 2002;

      7.     The court specify its requirements for notice of the sale pursuant to Bankruptcy Rule 2002;

      8.     For such further and other relief pursuant to 11 U.S.C. §105.

                              Respectfully Submitted,

SUMNER A. BOURNE  
Rafool & Bourne, P.C.  
1600 Associated Bank Plaza  
411 Hamilton Blvd.  
Peoria, IL 61602  
Telephone: (309) 673-5535              BY:  /s/  Sumner A. Bourne  
                                                     One of Attorneys for Debtor

Case 09-80727   Doc 270   Filed 09/11/09   Entered 09/11/09 16:09:34   Desc Main
              Document      Page 6 of 6

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this electronic document was served either electronically through the court's electronic mailing system pursuant to the notice generated by the court, or if not sent electronically then by either hand-delivering or depositing a printed copy into the United States mail at the mail chute located at 411 Hamilton Blvd., Peoria, Illinois, on September 11, 2009 with postage prepaid upon the following parties:

| | |
|---|---|
| Ms. Sabrina Petesch<br>Office of the United States Trustee | Mr. James P. Brinkoetter Jr.<br>Attorney at Law<br>250 N. Water Street, Suite 310<br>Decatur, IL 62521 |
| Mr. Robert J. Sailer<br>Brucker Co.<br>1200 Greenleaf Avenue<br>Elk Grove Village, IL 60007 | Mr. Nick Stamas<br>South Side Controls<br>488 N. Milwaukee Ave.<br>Chicago, IL 60654 |
| Mr. James J. Welser<br>Columbia Pipe & Supply<br>1803 Moen Avenue<br>Rockdale, IL 60436 | Ms. Jennifer Doedtman<br>Durbin Enterprises<br>P.O. Box 68<br>Beecher City, IL 62414 |
| Ms. Loren Randall<br>Kirby Risk<br>1815 Sagamore Parkway North<br>Lafayette, IN 47903 | |

Rafool & Bourne, P.C.
411 Hamilton, Suite 1600          BY:     /s/ Sumner A. Bourne
Peoria, IL  61602
Telephone: (309) 673-5535