UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| T.A. BRINKOETTER & SONS, INC., | ) | BANKRUPTCY |
| | ) | NO. 09-80727 |
| Debtor. | ) | |

**CREDITORS' OBJECTION TO DEBTOR'S MOTION FOR
SALE OF ASSETS FREE AND CLEAR OF ALL LIENS**

NOW COMES Creditors, NECA-IBEW PENSION FUND and NECA-IBEW WELFARE FUND, by and through their Attorneys, Cavanagh & O'Hara, and hereby objects to Debtor's Motion for the Sale of Substantially All of Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests premised upon the following:

1. The above named Creditors have an "interest' in the assets of the Debtor due to the failure of the Debtor to pay contributions required under the Employee Retirement Income Security Act (29 U.S.C. 1000 et. seq.). Such contributions are considered administrative expenses under the Bankruptcy Code (11 U.S.C. Section 503). These "interests" arise from the use of the assets in the construction industry and said Creditors are fringe benefit funds for the building and construction trade unions. (*See In re Leckie Smokeless Coal Co.* 99 F.3d 573, 581-82 (4th Cir. 1996).

2. The Creditors continue to have the right to file liens against properties which are subject to executory contracts approved by this Court including the projects at Decatur Memorial Hospital.

3. The Creditors also continue to have the right to file bond claims against projects including the Decatur Memorial Hospital project. Washington International Insurance Company, which is the surety of the Decatur Memorial Hospital project, has already objected to the Motion for the Sale of Assets, contending that the contract between it and the Debtor is non-assignable.

4. The Creditors above object to the Motion absent explicit statements from the Debtor that the Creditors' claims for fringe benefit contributions will be secured with the proceeds from the sale of assets.

5. In addition, throughout the course of these proceedings, Debtor has not filed motions to accept the executory contracts between Debtor and the building and construction trade unions. The Creditors view this Motion as a potential attempt by the Debtor to eliminate its obligations under the existing collective bargaining agreements which is contrary to public policy. (*See e.g. Chicago District Council of Carpenters v. Sunshine Carpet Services, Inc*. 866 F.Supp. 1113 (N.D. Ill. 1994).

6. Debtor filed its Motion based on 11 U.S.C. 363(f) but seeks relief pursuant to 11 U.S.C. 363(b). The requirements under subsection (f) are different than the requirements under subsection (b).

7. Debtor may move for a sale of assets only if one of five conditions is present. Those five conditions are stated in Section 363(f)1-5. Debtor's Motion fails to state or describe which of the five conditions exist or are present to allow such a sale.

8. Debtor's Motion does not identify the potential buyer of the assets. Potentially, this sale could be to an insider which then raises the issue of whether a sale is in good faith and in the best interests of creditors of the estate.

9. Debtor has not demonstrated that the proceeds of a sale will be greater to the aggregate value of all liens on such property.

WHEREFORE the above Creditors object to the Debtor's Motion to Sell to the extent that it compromises the ability of the Creditors to: 1) enforce the terms and conditions of existing collective bargaining agreements and 2) collect fringe benefit contributions due and owing. Further, said Motion does not show how Debtor intends to comply with the provisions of 11 U.S.C. 363(f).

        NECA-IBEW PENSION FUND and NECA-IBEW WELFARE FUND, Creditor,

        **/s/ James P. Moody**_____
Attorney for Creditor
CAVANAGH & O'HARA
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: (217) 544-1771
Fax: (217) 544-5236
E-mail: jim@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Sumner Bourne

and that I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

      None.

      **/s/ James P. Moody**
      Attorney for Creditor
      CAVANAGH & O'HARA
      407 East Adams Street
      P. O. Box 5043
      Springfield, IL 62705
      Telephone: (217) 544-1771
      Fax: (217) 544-5236
      E-mail: jim@cavanagh-ohara.com

F:\files\NECA-IBE\DELIQ\T.A. Brinkoetter\Objection to Motion for Sale.wpd